# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

ASIF M. QURESHI

        Plaintiff,

    vs.

COUNTRYWIDE HOME LOANS, INC.;
COUNTRYWIDE BANK, FSB; BANK OF
AMERICA; RECONTRUST COMPANY AND
RECONTRUST COMPANY, N.A., WHOLLY-
OWNED SUBSIDIARIES OF BANK OF
AMERICA


        Defendants.

Case No.:  4:09-CV-04198-SBA

**AMENDED [PROPOSED] ORDER
GRANTING MOTION TO DISMISS
PLAINTIFFS' COMPLAINT**


The Honorable Saundra Brown Armstrong
Date:    January 26, 2010
Time:    1:00 p.m.
 Ctrm:    1, 4th Floor
        1301 Clay Street
        Oakland, CA 94612


Date Action Filed:  August 7, 2009
Trial Date:        Not set

SF01DOCS14623

The Motion to Dismiss Plaintiff's First Amended Complaint ("Motion") of Defendants COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA CORPORATION, COUNTRYWIDE BANK FSB, RECONTRUST COMPANY, and RECONTRUST COMPANY, N.A. (collectively, "Movants") came on for hearing before this Court on January 26, 2010, the Honorable Saundra Brown Armstrong presiding.

The Court has read and considered the Motion papers filed in support of and in opposition to the Motion, the arguments of counsel at the hearing, and the case file in this action. Good cause appears for the requested relief, the Court finds that the Motion should be granted on the grounds that Plaintiff has failed to allege any actionable wrongdoing under the various statutes and claims identified in his First Amended Complaint. The allegations of the First Amended Complaint do not cross the line from the possibility to plausibility that Plaintiff is entitled to relief. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

Specifically, for the following reasons, each of Plaintiff's Causes of Action fails.

First and foremost, Plaintiff has not tendered the full amount due on his loan and as such, he lacks standing to obtain an injunction against foreclosure or otherwise challenge the validity of the foreclosure proceedings. *United States Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985). Therefore, the Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Eleventh Causes of Action fail to state a claim against Movants.

Plaintiff also fails to state a claim for either fraud or negligent misrepresentation. First, Plaintiff's claims are not actionable misrepresentations of fact. Plaintiff fails to allege facts showing that Defendants made either affirmative misrepresentations or omissions. *See Conroy v. Regents of Univ. of California*, 45 Cal. 4th 1244, 1254 (2009) (explaining the elements of claim for fraud); *see also Nielson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1140-41 (C.D. Cal. 2003) (stating the elements of a claim for negligent misrepresentation). Second, Plaintiff's allegations are not pled with the particularity required under Federal Rule of Civil Procedure 9(b). *Glenn Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal 1999) ("It is well established . . . that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements."). Therefore, Plaintiff's First, Fourth, Fifth, Sixth,

SF01DOCS14623

Ninth, and Thirteenth Causes of Action, which are predicated on fraudulent or negligent misrepresentations or omissions purportedly made by Movants, fail to state a claim.

The Second Cause of Action Fails as a matter of law as Plaintiff's loan is not a "covered loan" within the meaning of California Financial Code § 4970(b)(1) subject to the provisions of the California Predatory Lending Law, and as such Plaintiff was not entitled to additional disclosures under the statute. *See* Cal. Fin. Code § 4973.

The Third Cause of Action for violations of the Truth in Lending Act is barred by the one-year statute of limitations governing such actions. 15 U.S.C. § 1640(e). Regardless, this cause of action fails to state a claim as Plaintiff signed and acknowledged receiving his TILA disclosure statements.

The Fourth Cause of Action for violations of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq* fails to state a claim as Plaintiff has alleged no predicate cause of action and his conclusory incantation of statutory language is insufficient as a matter of law to state a UCL claim against Movants. *See Hafiz v. Aurora Loan Servs.*, Case No. C 09-1963 SI, 2009 WL 2029800, at *3 (N.D. Cal. July 14, 2009).

The Fifth Cause of Action for cancellation of the Deed of Trust on the basis of constructive fraud fails as a matter of law. To state a claim for constructive fraud, there must be a breach of a duty. Cal. Civ. Code § 1573. Movants did not owe Plaintiff any duty, let alone a fiduciary duty. *Wolf v. Superior Court*, 107 Cal. App. 4th 25, 32-33 (2003) (finding that a "contractual relationship amounting to a debtor/creditor relationship" does not create a fiduciary duty).

The Sixth Cause of Action for Reformation fails as Plaintiff has not sufficiently alleged any facts giving rise to a viable claim for fraud under any theory and as such, he is not entitled to reformation of the contract. Cal. Civ. Code § 3999.

The Seventh and Eighth Causes of Action fail as a matter of law as injunctive relief is a remedy, and not a cause of action. *Marlin v. AIMCO Venezia, LLC*, 154 Cal. App. 4th 154, 162 (2007); *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942) ("Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted.") Moreover, Plaintiff lacks standing to enjoin the foreclosure proceedings.

SF01DOCS14623

Plaintiff's Eighth Cause of Action for Declaratory Relief fails as Plaintiff has not alleged the existence of a present and actual controversy between the parties and all issues can be resolved through Plaintiff's other causes of action. *Cal. Ins. Guar. Ass'n v. Superior Court*, 231 Cal. App. 3d 1617, 1623 (1991).

The Ninth Cause of Action for Appraisal Fraud and Antitrust is not an actionable claim as the appraisal is intended for the lender's benefit and the appraiser owes no duty to Plaintiff. *See Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1099 (1991); *see also Gay v. Broder*, 109 Cal. App. 3d 66 (1980). The claim for violation of the Sherman Act also fails as a corporation cannot conspire with itself or its agents for purposes of the antitrust laws, and Plaintiff alleges that Countrywide owned the Appraiser. *Kolling v. Dow Jones & Co.*, 137 Cal. App. 3d 709, 720 (1982).

Plaintiff's Tenth Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing fails as this covenant does not exist independently of its contractual underpinnings and Plaintiff has failed to allege a contractual provision which has been violated. *See CalFarm Ins. Co. v. Krusiewicz*, 131 Cal. App. 4th 273, 285 (2005); *see also Yulaeva v. Greenpoint Mortgage Funding, Inc.*, No. Civ. S-09-1504 LKK/KJM, 2009 U.S. Dist. LEXIS 79094, *45 (E.D. Cal. Sept. 3, 2009) ("Insofar as this claim is predicated on conduct that occurred prior to completion of the contract, it therefore fails as to all defendants, because no contract existed at that point.")

Plaintiff's Eleventh Cause of Action for collection of an unlawful debt fails to allege a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff does not identify any applicable statute. In any event, Plaintiff has not established a pattern of racketeering activity, a nexus between Defendants and a pattern of racketeering activity, or resulting injury, all of which are required to state a claim under RICO. *Occupational-Urgent Care Healt Sys., Inc. v. Sutro & Co., Inc.*, 711 F. Supp. 1016, 1021 (E.D. Cal. 1989).

The Twelfth Cause of Action fails as a matter of law to state a claim for Negligent Infliction of Emotional Distress. First, Plaintiff fails to allege facts to establish that Movants owed him a duty of care. *Ess v. Eskaton Properties, Inc.*, 97 Cal. App. 4th 120, 125 (2002); *see also Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991). Second, Plaintiff

SF01DOCS14623

fails to allege facts to establish severe emotional distress. *Kelly v. Gen. Tel. Co.*, 136 Cal. App. 3d 278, 286-87 (1982).

Lastly, Plaintiff's Thirteenth Cause of Action for Fraud, alleging Plaintiff's failure to modify his loan, is moot because Plaintiff's loan modification application is still under consideration.

IT IS ORDERED THAT Movants' Motion to Dismiss Plaintiff's First Amended Complaint is granted, without leave to amend.

Dated: _____

_____
The Honorable Saundra Brown Armstrong
United States District Court
Northern District of California

Respectfully Submitted,

Dated:  January 13, 2010

**BRYAN CAVE LLP**
Robert E. Boone
James Goldberg
Berrie R. Goldman

By:  /s/ Berrie R. Goldman
            Berrie R. Goldman
            Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA CORPORATION, COUNTRYWIDE BANK FSB, RECONTRUST COMPANY, and RECONTRUST COMPANY, N.A.

SF01DOCS14623

[PROPOSED] ORDER
Case No. 4:09-CV-04198-SBA