UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ASIF M. QURESHI,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE BANK, AFB; BANK OF AMERICA; RECONSTRUST COMPANY AND RECONTRUST COMPANY N.A., WHOLLY-OWNED SUBSIDIARIES OF BANK OF AMERICA,<br><br>　　　　Defendants. | Case No: C 09-4198 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Docket 8] |

　　　　Plaintiff Asif M. Qureshi brings the instant mortgage fraud action against Defendants Countrywide Home Loans, Inc. (Countrywide), Countrywide Bank FSB, Bank of America, ReconTrust Company, and ReconTrust Company, N.A., following the foreclosure of his home in Hayward, California. The parties are presently before the Court on Defendants' Motion to Dismiss, pursuant to the Federal Rules of Civil Procedure 12(b)(6). Docket No. 8. Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

**I.　BACKGROUND**

　　**A.　FACTUAL SUMMARY**

　　　　The following facts are based on the allegations in the First Amended Complaint, which are presumed true for the purposes of this motion. In or about May 2007, an employee of Countrywide approached Plaintiff and offered to refinance the existing mortgage on his home

with a conventional, 30-year fixed rate loan.  Id. ¶¶ 12, 14.  To assist him in the refinancing process, unspecified Countrywide employees completed the initial loan application on Plaintiff's behalf and asked him to sign the application, without first explaining what he was signing or allowing him to review the terms of the loan application.  Id. ¶¶ 15, 16.  These employees also drafted an employment verification letter and instructed Plaintiff to obtain his employer's signature thereon.  Id. ¶ 17.

Plaintiff provided Countrywide with the requested documents, but was then informed that his documentation was insufficient to qualify him for the loan.  Id. ¶ 18, 19.  However, Countrywide told Plaintiff that it could qualify him based on his "stated income."  Id. ¶¶ 20-21.  To that end, Countrywide used one of its "own affiliates" to obtain an allegedly inflated property appraisal in order to justify the loan amount.  Id. ¶ 26.  Thereafter, a Countrywide employee brought a single set of the loan documents to Plaintiff's residence for his signature.  Id. ¶ 27.  The Countrywide representative did not explain the import of the documents Plaintiff was being asked to sign nor was provided a copy of these documents.  Id. ¶¶ 27-30.  Even after refinancing transaction had closed, Plaintiff still was not provided with any documentation regarding his new mortgage.  It was only after repeated demands by Plaintiff that he was provided with unsigned copies of the loan documents.  Id. ¶ 31.  Plaintiff also requested an explanation for the adjustable rate mortgage he had agreed to; however, he was "reassured it was fine because he could refinance with Countrywide anytime he wanted to."  Id. ¶ 32.

In 2008, Plaintiff lost his job and fell behind on his mortgage payments.  Id. ¶ 34.  He contacted Countrywide and was told to apply for a loan modification.  Id.  During this time period, Bank of America acquired Countrywide and its subsidiaries.  Id. ¶ 35.  In or about May 2009, Plaintiff obtained new employment and thereafter contacted Bank of America.  Id. ¶ 36.  After of months of telephone communications with the bank, Plaintiff obtained counsel to assist him with obtaining a loan modification.  Id. ¶ 37.  Through legal counsel, Plaintiff applied for a loan modification under the federal Home Retention Program.  Id. ¶ 38.  Bank of America confirmed receipt of Plaintiffs' application.  Id. ¶ 39.  However, the bank never

responded to his counsel's correspondence, and later informed Plaintiff staff that it would not respond to his or his attorney's inquiries. Id. ¶ 41.

Without responding to Plaintiff's request for a loan modification, Bank of America scheduled Plaintiff's home for a foreclosure sale in order to pressure Plaintiff into agreeing to a short sale. Id. ¶ 43. As a result of Plaintiff's failure to make payments, ReconTrust Company and/or ReconTrust Company, N.A., issued a Notice of Default and a Notice of Trustee's Sale, which were recorded in the Alameda County Official Records on February 13, 2009, and May 19, 2009, respectively. Defs.' Mot. to at 4. The Trustee's Sale of the Plaintiff's home occurred on October 21, 2009. Id.

### B. PROCEDURAL HISTORY

On or about August 7, 2009, Plaintiff filed a Complaint against Defendants in the Superior Court of the State of California, County of Alameda. The Complaint alleges twelve causes of action against Defendants for: (1) Negligent Misrepresentation; (2) Violations of California Predatory Lending Law; (3) Violations of Truth in Lending Act; (4) Unfair Business Practices; (5) Cancellation of Deeds Procured by Negligent Misrepresentation/Constructive Fraud; (6) Reformation; (7) Injunction; (8) To Enjoin Eviction and Foreclosure Activities and Declaratory Relief; (9) Appraisal Fraud, Antitrust and Fraud Against All Defendants; (10) Breach of Covenant of Good Faith and Fair Dealing; (11) Collection of an Unlawful Debt; and (12) Negligent Infliction of Emotional Distress. The Complaint seeks rescission, statutory and punitive damages, injunctive relief, cancellation of deed, a judicial declaration of rights regarding the property, and recovery of his attorneys' fees.

On September 10, 2009, Defendants removed the case to this Court. On September 17, 2009, Plaintiff filed his First Amended Complaint which, among other changes, added a thirteenth cause of action for Fraud (Promise Made Without Intent to Perform). Defendants now move to dismiss the First Amended Complaint, pursuant to Rule 12(b)(6), which is accompanied by a Request for Judicial Notice (RJN). Plaintiff opposes the motion and objects to the RJN. The matter has been fully briefed and is ripe for adjudication.

## II. LEGAL STANDARD

### A. RULE 12(b)(6)

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). If a complaint fails to satisfy Rule 8, it "must be dismissed" under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. The pleadings must "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

When considering a motion to dismiss under Rule 12(b)(6), a court must take the allegations as true and construe them in the light most favorable to plaintiff. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557). In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005); Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**B.     RULE 9(b)**

A Rule 12(b)(6) motion to dismiss may also challenge a complaint's compliance with Rule 9(b), which provides, in relevant part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b); Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-04 (9th Cir. 2003). Fraud claims and claims that "sound in fraud" or are "grounded in fraud" must be pled with particularity. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). To satisfy this burden, plaintiff must allege "the who, what, when, where, and how" of the alleged fraudulent conduct, Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as to why [a] statement or omission complained of was false and misleading," In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc); see Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995). Where multiple defendants are involved, the plaintiff also must identify the role of each defendant in the alleged fraudulent scheme. See Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007). Allegations of fraud cannot be made in information and belief. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989). Failure to comply with Rule 9(b) when alleging fraud is grounds for dismissal. See Vess, 317 F.3d at 1103.

## III. DISCUSSION

**A.     STANDING**

As a threshold matter, Defendants argue that any claims challenging their right to foreclose on Plaintiff's home are barred by his failure to allege an ability and willingness to tender the loan proceeds. Defs.' Mot. at 6-7. The Court agrees. "[T]he law is long-established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale." U.S. Cold Storage v. Great W. Sav. & Loan Ass'n, 165 Cal.App.3d 1214, 1222 (1985). "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property. Thus, it is sensible to require that a trustor, whose default to begin with resulted in the foreclosure, give proof before the sale is set aside that he now can redeem the property." Id. at 1225; accord Karlsen v. American Savings

and Loan Assoc., 15 Cal.App.3d 112, 117-18 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."); Alicea v. GE Money Bank, 2009 WL 2136969 *3 (N.D. Cal., July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt") (Armstrong, J.).

Plaintiff readily concedes that he has not met the tender requirement, but claims he "could not offer tender because Defendants' actions precluded him from doing so." Pl.'s Opp'n at 7. Though not entirely clear, Plaintiff appears to argue that he should be excused from the tender requirement on equitable grounds, ostensibly because of Defendants' alleged misconduct in the loan process. Plaintiff cites no authority to support such an argument, which is otherwise directly contrary to the "long-established" rule "that a trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale." U.S. Cold Storage, 165 Cal.App.3d at 1222-23; see also Periguerra v. Meridas Capital, Inc., 2010 WL 395932 at *3 (N.D. Cal., Feb. 1, 2010) (ruling that the failure to comply with the tender requirement required dismissal of rescission claim) (Armstrong, J.).

The Court concludes that Plaintiff's failure to allege tender precludes his state law-based claims and federal TILA claim to the extent they seek to challenge the foreclosure. See Arnolds Mgmt. Corp. v. Eischen, 158 Cal.App.3d 575, 579 (1984) ("A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender."). Thus, the Court GRANTS Defendants' motion to dismiss Plaintiff's third cause of action for violation of the Truth in Lending Act (TILA), fifth cause of action for cancellation of deeds, sixth cause of action for reformation, seventh cause of action for injunction, eighth cause of action for declaratory relief, and eleventh cause of action for unlawful debt, all of which are DISMISSED with leave to amend.[1]

---

[1] The California authorities regarding tender do not apply to federal claims. However, TILA contains its own tender requirement where rescission is sought as a remedy. 15 U.S.C. § 1635(b).

### B. NEGLIGENT MISREPRESENTATION

"The elements of negligent misrepresentation are '(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc., 171 Cal.App.4th 35, 50 (2009) (citation omitted). Here, Plaintiff alleges that: "[Defendants] were negligent in representing the facts regarding the true state of the promises of [Plaintiff's] loan. Namely, the defendants represented that the loan modification was being processed, that there was nothing to worry about." FAC ¶ 54. No other misrepresentations are alleged in this cause of action.

Defendants first argue that Plaintiff's negligent misrepresentation claim should be dismissed for failure to meet the heightened pleading requirements of Rule 9(b). Defs.' Mot. at 7. Although the Ninth Circuit has not expressly held that a claim of negligent misrepresentation must be pled with particularity, it has recognized that "California law classifies negligent misrepresentation as a species of fraud[.]" Lorenz v. Sauer, 807 F.2d 1509, 1511-12 (9th Cir. 1987); Bily v. Arthur Young & Co., 3 Cal.4th 370, 407 (1992) (characterizing negligent misrepresentation as "a species of the tort of deceit."). Likewise, the Ninth Circuit has held that Rule 9(b) applies to claims that "sound in fraud" or are "grounded in fraud." Kearns, 567 F.3d at 1125. Thus, the Court agrees that as a "species of fraud," a claim for negligent misrepresentation must be pled with particularity. Given Plaintiff's admitted failure to meet the requirements of Rule 9(b), Plaintiff's first cause of action for negligent misrepresentation is DISMISSED with leave to amend.

### C. CALIFORNIA PREDATORY LENDING LAW

Defendants move to dismiss Plaintiff's second cause of action under California's Predatory Lending Law. Defs.' Mot. at 11. Plaintiff acknowledges that this law is inapplicable to his loan. Pl.'s Opp'n at 11. As such, Plaintiff's second claim is DISMISSED without leave to amend.

**D. TILA**

Plaintiff's third cause of action alleges that Defendants violated the TILA, as implemented by Regulation Z, 12 C.F.R. § 226.1, *et seq.* Plaintiff avers that Defendants violated TILA by: (1) falsifying his loan information and/or ignoring his inability to repay the loan; (2) charging excessive interest; (3) targeting Plaintiff and other members of the public based on "their demographic, race and credit rating" and their lack of financial "savvy"; and (4) falsifying his loan application and closing documents. FAC ¶ 62. As relief, Plaintiff seeks, *inter alia,* rescission of the allegedly fraudulent mortgage and damages. FAC ¶¶ 64-67. Defendants move for dismissal of this claim on the ground that the conduct alleged by Plaintiff is beyond the scope of TILA, that he received all the disclosures and notices required by TILA, and that his claim for damages is time-barred.

**1. Scope of TILA**

TILA was designed to protect consumers from the "uninformed use of credit," 15 U.S.C. § 1601(a), and "'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices,'" Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114, 1118 (9th Cir. 2009) (quoting 15 U.S.C. § 1601). To that end, TILA grants borrowers the right to rescind certain loans if the creditor fails to provide "material disclosures" or written notice of the right to cancel the transaction. Id. § 1635(a). Regulation Z, promulgated by the Federal Reserve Board, explains that "[t]he term 'material disclosures' means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in §§ 226.32(c) and (d) and 226.35(b)(2)." 12 C.F.R. § 226.23(a)(3) n.48. Likewise, the creditor must notify the borrower of the right to rescind by providing "two copies of the notice of the right to rescind to each consumer entitled to rescind[.]" Id. § 226.23(b)(1).

In a "consumer credit transaction" in which a lender retains a security interest in a borrower's residence, TILA provides that "the [consumer] shall have the right to rescind the

[loan] transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later . . . ." 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3). If the lender fails to provide a notice of the right to rescind or the disclosures required by TILA, the time limit for rescission is extended to "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, . . ." 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3); see Miguel v. Country Funding Corp., 309 F.3d 1161, 1163 (9th Cir. 2002). In addition, the failure to provide these disclosures may give rise to a claim for actual damages and/or statutory damages. 15 U.S.C. § 1640(a).

As noted, Plaintiff has made a number of allegations of misconduct to support his claim for rescission and statutory damages under TILA. See FAC ¶¶ 62a-d; 64-67. However, as Defendants correctly point out, the only alleged conduct that ostensibly falls within the scope of TILA is his allegation that Defendants "failed to provide Qureshi with copies of the loan closing documents . . . ; and to otherwise make the required disclosures to Quereshi." Id. ¶ 62d.[2] In response to this particular allegation, Defendants proffer a copy the TILA disclosure statement purportedly signed by Plaintiff, and argue that his signature on the disclosure statement establishes that he received all of the disclosures required by TILA. Defs.' Mot. at 13; Defs.' RJN Ex. D. The Court may consider documents that are not attached to the pleadings if those documents are referenced therein *and* their authenticity "has not been questioned." No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp., 20 F.3d 920, 925 n.2 (9th Cir. 2003). In this case, however, Plaintiff takes exception to the authenticity of the document proffered by Defendants. Pl.'s Opp'n at 5-6. As such, the

---

[2] In his opposition, Plaintiff fails to address any of the other allegations alleged in his TILA claim. FAC ¶ 62a-62c. The Court construes his failure to do as an abandonment of those claims. See Jenkins v. County of Riverside, 398 F.3d 1093, 1095 n.4 (noting that a party abandoned claims not defended in opposition to a motion for summary judgment). Therefore, Plaintiff's TILA claim is dismissed without leave to amend as to those particular allegations.

Court cannot, in connection with the instant motion, resolve the question of whether Plaintiff, in fact, received all of the disclosures and notices required by TILA.

### 2. Statute of Limitations

Finally, Defendants contend that Plaintiff's claim for damages under TILA is time-barred. TILA's one-year statute of limitations for claims for damages commences to run when the borrower signs the loan documents. See 15 U.S.C. § 1640(e); Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003); King v. Cal., 784 F.2d 910, 914 (9th Cir. 1986). In this case, Plaintiff signed loan papers on August 8, 2007, but did not file suit until August 7, 2009, almost a year after the statute had expired. Thus, on the face of the amended complaint, Plaintiff's claim is untimely. See Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (action may be dismissed based on statute of limitations when "the running of the statute is apparent on the face of the complaint.").

In his opposition, Plaintiff fails to respond to Defendants' argument that his TILA claim is time-barred, except to note that it "assumes that disclosure was made in a time manner, in a proper form and format." Pl.'s Opp'n at 14. Though not entirely clear, it appears that Plaintiff is attempting to invoke the doctrine of equitable tolling or equitable estoppel. See Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008) (distinguishing between equitable tolling and estoppel). If so, no facts are alleged in the First Amended Complaint to justify application of either doctrine. FAC ¶ 63. As a result, the Court concludes that Plaintiff's claim for damages under TILA is subject to dismissal.

### 3. Summary

Defendants' motion to dismiss Plaintiff's third cause of action for violation of TILA is GRANTED. First, Plaintiff have not satisfied TILA's tender requirement, which is a prerequisite for rescission. 15 U.S.C. § 1635(b). Second, Plaintiff's claim for damages under TILA is time-barred. Third, Plaintiff's allegations as set forth in Paragraphs 62a-c do not state cognizable claims under TILA. Plaintiff's TILA claim is DISMISSED with limited leave to amend, as set forth above.

### E. UNFAIR COMPETITION LAW

Plaintiff's fourth cause of action alleges that Defendants violated California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200. FAC ¶¶ 68-71. The UCL makes actionable any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability." Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir. 2009). "[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations . . . as unlawful practices, independently actionable under section 17200 *et seq.* and subject to the distinct remedies provided thereunder." Farmers Ins. Exch. v. Super. Court, 2 Cal.4th 377, 383 (1992) (quotations and citations omitted). The heightened pleading requirements of Rule 9(b) are applicable to UCL claims. Kearns, 567 F.3d at 1125 (9th Cir. 2009) ("we have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL.").[3]

Plaintiff's UCL claim alleges that "Defendants committed unlawful, unfair and/or fraudulent business practices as defined by Business and Professions Code Section 17200, by engaging in the unlawful, unfair and fraudulent business practices alleged herein." FAC ¶ 69. The amended complaint fails to identify which prongs of the UCL form the basis of this claim and fails to allege any particular facts in support thereof. Nor is there effort by Plaintiff to differentiate between the conduct of the various defendants or how Plaintiff was harmed by such actions. These vague and conclusory allegations are precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has held is

---

[3] To the extent Plaintiff is relying on the fraudulent prong of the UCL, Plaintiff must also allege reliance. In re Tobacco II Cases, 46 Cal.4th 298, 328 (2009); Cattie v. Wal-Mart Stores, Inc., 504 F.Supp.2d 939, 947-49 (S.D. Cal. 2007).

impermissible.  See Iqbal, 129 S.Ct. at 1949.  Plaintiff's UCL claim is DISMISSED with leave to amend to rectify these deficiencies.[4]

### F.  CANCELLATION OF DEED

Plaintiff's fifth cause of action to cancel the trustee's deed is alleged against all Defendants based on their allegedly "false representations and fraudulent actions . . . ."  Id. ¶ 78.  A request to cancel a trustee's deed is a request for a remedy as opposed to an independent cause of action.  See Porter v. Super. Court, 73 Cal.App.3d 793, 799 (1977).  To the extent that Plaintiff's this claim is in actuality a cause of action for fraud or constructive fraud in which Plaintiff seeks cancellation of the deed of trust as a remedy, it fails to properly allege the elements of fraud with particularity.

The elements of a fraud claim are:  (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Bily, 3 Cal.4th at 407-408.  To state a claim for constructive fraud, the plaintiff must allege facts establishing:  (1) a fiduciary or confidential relationship; (2) nondisclosure; (3) intent to deceive; and (4) reliance and resulting injury, i.e., causation.  Cal.Civ.Code § 1573; Younan v. Equifax Inc., 111 Cal.App.3d 498, 516 n.14 (1980).  Plaintiff's allegations in support of this cause of action are conclusory and fail to allege each of these elements with the level of particularity demanded by Rule 9(b).  Kearns, 567 F.3d at 1125.  In addition, Plaintiff has failed to allege facts sufficient to demonstrate the existence of a fiduciary duty between himself and Defendants, which is a prerequisite for constructive fraud.  See Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.App.3d 1089, 1096 (1991) (lender owes no fiduciary duty to the borrower); Wagner v. Benson, 101 Cal.App.3d 27, 35 (1980) (lender "owes no duty of care to the [borrower] in approving [a] loan.").  Thus, the Court DISMISSES Plaintiff's fifth cause of action with leave to amend.

---

[4] In passing, Defendants argue that Plaintiffs' UCL claim, insofar as it is based on TILA violations, is preempted by Home Owner's Loan Act.  They further argue that Plaintiff's UCL claim is time-barred.  However, Defendants have failed to present any legal analysis or made the requisite factual showing to support these arguments.  The Court, therefore, declines to consider these arguments in connection with the instant motion.

**G. REFORMATION**

Plaintiff's sixth cause of action seeks reformation of his loan on the basis that it was procured through "fraudulent and predatory means." FAC ¶ 81. "A complaint for the reformation of a contract should allege what the real agreement was, what the agreement as reduced to writing was, and where the writing fails to embody the real agreement. It is also necessary to aver facts showing how the mistake was made, whose mistake it was and what brought it about, so that mutuality may appear." Lane v. Davis, 172 Cal.App.2d 302, 309 (1959); 5 Witkin, Cal. Proc., Pleading, § 807 at 222-23 (8th ed. 2008). Plaintiff's claim for reformation contains none of these allegations nor does it comport with the heightened pleading requirements of Rule 9(b). See Vess, 317 F.3d at 1103-104 (allegations of mistake subject to Rule 9(b)). Given these pleading deficiencies, the Court DISMISSES Plaintiff's sixth cause of action with leave to amend.

**H. INJUNCTION AND REQUEST TO ENJOIN EVICTION**

Plaintiff's seventh cause of action is for injunctive relief, and his eighth cause of action is to enjoin his eviction and Defendants' foreclosure activities. FAC ¶¶ 82-90. Plaintiff concedes that both of these claims are remedies and do not present an independent, substantive legal claim for relief. Pl.'s Opp'n at 19. As such, the Court DISMISSES Plaintiff's seventh and eighth claims without prejudice to seeking such relief in connection with other, independently viable claims for relief.

**I. APPRAISAL FRAUD/FRAUD/ANTITRUST**

Plaintiff's ninth cause of action is styled as, "APPRAISAL FRAUD, ANTITRUST AND FRAUD AGAINST ALL DEFENDANTS." Plaintiff alleges that unspecified Defendants utilized an appraiser to artificially inflate the value of Plaintiff's property in order to obtain approval of the loan by Countrywide. FAC ¶¶ 91-100. Plaintiff does not identify the appraiser, but asserts that he or she worked for "a combination of interrelated companies" ostensibly owned by Countrywide. Id. ¶ 92. This alleged interrelationship apparently forms the basis of Plaintiff's fraud/antitrust claims. However, because fraud and antitrust are separate claims, the Court analyzes each independently.

### 1. Fraud

Defendants argue that they cannot be held liable for fraud because an appraisal is prepared solely for the benefit of the lender, and therefore, they owe no duty to Plaintiff with respect to the appraisal. Defs.' Mot. at 19. That argument misses the point. Plaintiff is not asserting that Defendants procured the appraisal for his benefit. Rather, the crux of this claim is that Defendants, through their control of a related entity, obtained an appraisal that artificially inflated the value of Plaintiff's property in order to "qualify" him for a loan that they knew he was not qualified for or had the ability to repay the note. Thus, whether or not the appraiser or Defendants directly owed Plaintiff any duties regarding the appraisal is entirely beside the point. That being said, Plaintiff's fraud claim is alleged in a far too conclusory manner to pass muster under Rule 9(b). Plaintiff must allege fact in support of each element of fraud, and must specifically identify the role of each Defendant in allegedly perpetrating such fraud. Thus, the Court DISMISSES Plaintiff's ninth cause of action to the extent that it seeks to allege a claim for fraud, with leave to amend.[5]

### 2. Antitrust

To the extent that Plaintiff is attempting to allege a separate claim for violation of the Sherman Antitrust Act, such claim fails as well. "In order successfully to allege a violation of § 1 of the Sherman Antitrust Act, a plaintiff must allege sufficient facts to demonstrate three elements: (1) the existence of a contract, combination, or conspiracy among two or more separate entities that (2) unreasonably restrains (3) interstate trade or commerce." Columbia River People's Utility Dist. v. Portland Gen. Elec. Co., 217 F.3d 1187, 1189-90 (9th Cir. 2000) (footnote omitted). No facts are alleged are in the First Amended Complaint with respect to any of these elements. Nor does Plaintiff oppose the dismissal of his ninth claim insofar as it is

---

[5] The Court also notes that Plaintiff's opposition attempts to expand the scope of his appraisal fraud claim by relying on allegations not contained in the amended complaint. The Court cannot consider new facts not alleged in the complaint, but asserted in plaintiff's opposition papers, in ruling on a motion to dismiss pursuant to Rule 12(b)(6). See Schneider v. Calif. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

predicated upon a violation of the Sherman Antitrust Act, thus evincing his intent to abandon this claim. See Jenkins, 398 F.3d at 1095 n.4. The Court therefore DISMISSES Plaintiff's ninth claim to the extent that is it predicted on antitrust violations under the Sherman Antitrust Act, without leave to amend.

### J. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiffs' tenth cause of action is for breach of the implied covenant of good faith and fair dealing . This covenant provides that no party to a contract may do anything that would deprive another party of the benefits of the contract. Foley v. Interactive Data Corp., 47 Cal.3d 654, 683-684 (1988). "This covenant is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." Wolf v. Walt Disney Pictures & Television, 162 Cal.App.4th 1107, 1120 (2008) (internal quotations marks omitted). "The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation" and there "is no obligation to deal fairly or in good faith absent an existing contract." Racine & Laramie, Ltd. v. Dep't of Parks & Recreation, 11 Cal.App.4th 1026, 1031-32 (1992) (internal quotation marks omitted).

Here, Plaintiff alleges that Defendants breached the implied covenant of good faith and fair dealing by "failing to give proper disclosure (sic) as outlined above, and causing the loan to be higher in interest, Defendants have breached the Covenant (sic) of good faith and fair dealing." FAC ¶ 105. Though the amended complaint fails to allege what particular contract forms the basis of this claim, Plaintiff states in his opposition that Defendants' obligations arise pursuant to the "trust deed." Pl.'s Opp'n at 22. However, the conduct that appears to form the basis this claim occurred *prior to* the execution of the trust deed. Pre-contract conduct cannot support a claim for breach of the implied covenant of good faith and fair dealing. See McClain v. Octagon Plaza, LLC, 159 Cal.App.4th 784, 799 (2008) (alleged misconduct during contract negotiations failed to state a claim for breach of the implied covenant of good faith and fair dealing). Likewise, Plaintiff fails to specify what benefit he was deprived of by virtue of

Defendants' alleged conduct.[6]  Given these deficiencies, Plaintiffs' fourth claim for breach of the implied covenant of good faith and fair dealing is DISMISSED with leave to amend.

### K. COLLECTION OF AN UNLAWFUL DEBT

Plaintiff's eleventh cause of action is styled as "Collection of an Unlawful Debt," but cites to and appears to be based on various provisions of RICO.  FAC ¶¶ 106-109.  The essential elements of a federal RICO cause of action are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' 'business or property.'" Ove v. Gwinn, 264 F.3d 817, 825 (9th Cir. 2001) (quoting 18 U.S.C. § 1964(c)).  The heightened pleading standards of Rule 9(b) apply to fraud elements of RICO claim.  Wagh v. Metris Direct, Inc., 363 F.3d 821, 825 (9th Cir. 2003).

The First Amended Complaint fails to state a claim under RICO.  First, Plaintiff has not alleged facts to show a pattern of racketeering activity.  "To state a RICO claim, one must allege a 'pattern' of racketeering activity, which requires at least two predicate acts." Clark v. Time Warner Cable, 523 F.3d 1110, 1116 (9th Cir. 2008).  Here, the predicate act cited by Plaintiff is the collection of an unlawful debt.  18 U.S.C. § 1962(b).  To establish that "what was collected was an unlawful debt within the meaning of RICO," a plaintiff must show that (1) the debt was unenforceable in whole or in part because of state or federal laws relating to usury, (2) the debt was incurred in connection with the business of lending money at a usurious rate, and (3) the usurious rate was at least twice the enforceable rate.  18 U.S.C. § 1961(6).  Plaintiff fails to allege facts sufficient to establish a violation of 18 U.S.C. § 1961(6), let alone two or more such violations.

Second, the amended complaint fails to satisfy the damages requirement for a RICO claim.  The "plain language" of pertinent RICO provisions requires a plaintiff to "allege facts tending to show that he or she was injured by the use or investment of racketeering income." Nugget Hydroelectric, L.P. v. Pacific Gas and Elec. Co., 981 F.2d 429, 437 (9th Cir. 1992).

---

[6] In his opposition, Plaintiff again cites other allegedly improper conduct that is not alleged in the Complaint.  For reasons discussed above, the Court will not consider those unpled claims at this time.

"To recover under RICO, the individual 'must show proof of concrete financial loss' and must demonstrate that the racketeering activity proximately caused the loss." Guerrero v. Gates, 442 F.3d 697, 707 (9th Cir. 2006) (quoting Chaset v. Fleer/SkyboxInt't, 300 F.3d 1083,1087 (9th Cir. 2002)). "Financial loss alone, however, is insufficient." Canyon County v. Syngenta Seeds, Inc., 519 F.3d 969, 975 (9th Cir.), cert. denied, -- U.S. --,129 S.Ct. 458 (2008). "Without a harm to a specific business or property interest—a categorical inquiry typically determined by reference to state law—there is no injury to business or property within the meaning of RICO." Diaz v. Gates, 420 F.3d 897, 900 (9th Cir. 2005) (en banc). In the instant case, the First Amended Complaint fails to allege *any* loss, let alone a "concrete financial loss," proximately caused by Defendants. On this ground alone, Plaintiff's RICO claim fails. See Canyon County, 519 F.3d at 975-76 (affirming dismissal under Rule 12(b)(6) based on plaintiff's failure to allege a concrete financial loss). Accordingly, the Court DISMISSES Plaintiff's eleventh cause of action with leave to amend.

### L. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff's twelfth cause of action is for negligent infliction of emotional distress. FAC ¶¶ 110-111. "Negligent infliction of emotional distress is not an independent tort; it is the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply." Ess v. Eskaton Props., Inc., 97 Cal.App.4th 120, 126 (2002).

In the instant case, Defendants contend that they owe no duty to Plaintiff. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." See Nymark, 231 Cal.App.3d at 1096. Plaintiff makes no attempt in his opposition to this argument, and instead, merely states that this issue cannot be decided on a motion to dismiss because it requires development of a factual record. Pl.'s Opp'n at 23. This contention lacks merit. The amended complaint is devoid of any facts that would give rise to a duty of care owed by Defendants in the first instance. As such, the Court DISMISSES Plaintiff's twelfth cause of action with leave to amend.

### M. FRAUD (PROMISE MADE WITH NO INTENT TO PERFORM)

Plaintiff's thirteenth and final cause of action for Fraud (Promise Made with No Intent to Perform) is alleged against Countrywide only. FAC ¶¶ 112-120. Specifically, Plaintiff alleges that Countrywide falsely promised that it would modify his loan, in order to induce him to sign the loan documents. Id. ¶¶ 113-115. This claim is based on fraud, and as such, is subject to the heightened pleading requirements of Rule 9(b). Kearns, 567 F.3d at 1125. Yet, Plaintiff fails to allege when the representation was made, who made them, and any other of the required fact to plead a claim for fraud. For this reason, the Court DISMISSES Plaintiff's thirteenth claim with leave to amend.[7]

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss is GRANTED. Plaintiff shall have seven (7) days from the date this Order is filed to file a Second Amended Complaint consistent with the Court's rulings, as set forth above. In the event Plaintiff fails to file an amended complaint within that time-frame, the dismissal of his claims, as discussed above, will be with prejudice. Defendants shall file their response to the Second Amended Complaint no later than fourteen (14) days after Plaintiffs file their amended pleading.

2. The parties shall appear for a telephonic Case Management Conference on **April 15, 2010 at 2:45 p.m.** The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiffs shall be responsible for filing the statement as well as for arranging the conference

---

[7] Defendants argue that this claim is moot because Plaintiff refused Countrywide's offer to modify his loan. (Defs.' Mot. at 23 (citing RJN Exs. I and J.) The "evidence" in support of Countrywide's argument consists of two emails attached to Defendants' request for judicial notice. Such documents are outside the pleadings and cannot be considered in connection with a motion to dismiss.

1 | call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date
2 | and time.
3 |     3.    This Order terminates Docket No. 8.
4 | IT IS SO ORDERED.
5 | Dated: March 9, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge